IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 12-837-GPM |
| | ) |
| S.A. GODINEZ, JACKIE MILLER, LT. | ) |
| DILDAY, and C/O REYNOLDS, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined in Menard Correctional Center ("Menard"). Plaintiff claims that in early November 2011, he was moved from segregation cell 401 to cell 454 in North Segregation. Upon arrival in the new cell, Plaintiff checked the light, toilet, and sink. He discovered that the hot water worked, but the sink had no working cold water (Doc. 1, p. 4). Plaintiff takes medication regularly, and needs cold water in order to swallow his pills. He informed Defendant Reynolds that the cold water in his cell did not work. Defendant Reynolds said he would put in a work order. The following day Plaintiff repeated his complaint to Defendant Dilday, who told Plaintiff to write a letter to Major Durham (who is not named as a Defendant). Plaintiff followed that advice. Plaintiff does not disclose how long he continued to be confined in the cell without a working cold water tap. However, he notes that he dealt with the problem by filling a vitamin bottle with hot water, then placing it in the toilet

bowl to cool off, so he could use the cooled water to take his medication.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal. In a complaint regarding prison conditions, only deprivations of basic human needs like food, medical care, sanitation, and physical safety will implicate the Eighth Amendment. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deny an inmate the minimal civilized measure of life's necessities. *Rhodes,* 452 U.S. at 347.

Here, Plaintiff's allegations do not indicate a deprivation of sufficient seriousness to rise to the level of a constitutional claim. While the lack of cold water was doubtless inconvenient, Plaintiff was not deprived of all running water in the cell. In addition, there is no indication that he was subjected to the conditions he describes for any significant length of time, or that he suffered any physical harm as a result of the lack of cold water. Mere discomfort and inconvenience do not implicate the constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986). Because

Plaintiff has failed to state facts indicating an objectively serious deprivation or risk of harm to his health or safety, it is not necessary to examine whether any of the named Defendants acted or failed to act to mitigate the conditions of which he complains.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

### Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED: September 12, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge